**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALVIN LINTON,**

    **Petitioner,**

**vs.**

                                                  **CASE NO. 4:07cv398-MP/WCS**

**WALTER A. McNEIL,[1]**

    **Respondent.**

                                          /

**REPORT AND RECOMMENDATION**

This is an amended petition for writ of habeas corpus filed by Alvin Linton pursuant to 28 U.S.C. § 2254. Doc. 5. Petitioner challenges his conviction for sale of cocaine and possession of cocaine with intent to sell in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 2002-CF-2238. Petitioner also challenges his conviction for criminal use of personal identification information, forgery, uttering, and grand theft in the Circuit Court of the Second Judicial Circuit, in

---

[1] Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent. FED. R. CIV. P. 25(d).

and for Leon County, Florida, case number 2003-CF-2820. Respondent filed an answer and the record in electronic form, doc. 11, and Petitioner filed a traverse, doc. 16. Respondent agrees that the petition was timely filed as to case number 2003-CF-2820, but moves to dismiss for untimeliness as to case number 2002-CF-2238.

**Whether the petition challenging the convictions in case number 2002-CF-2238 was timely filed**

There is a one year limitations period for filing a § 2254 petition, which generally runs from the date on which the judgment at issue became final by conclusion of direct review or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[2] Petitioner was sentenced on February 24, 2003, in state case number 2002-CF-2238 to 36 months in prison, with 251 days jail time credit. Doc. 11, Ex. B; doc. 11-2, pp. 8 and 10 on the electronic docket (ECF). Petitioner did not file a direct appeal. Doc. 5, p. 2; doc. 11, Ex. C; doc. 11-2, p. 17 on ECF (docket sheet). The convictions became final on March 26, 2003, when the 30 day period for filing a direct appeal expired. FLA. R. APP. P. 9.020(h) and 9.110(b).

Consequently, Petitioner had until March 26, 2004, to file a § 2254 petition in this court, absent a tolling event in state court. There were none. Petitioner filed a Rule 3.850 motion in state court on May 5, 2005, using the mailbox rule.[3] Doc. 11, Ex. D;

---

[2] The limitations period runs from the latest of specified dates. Other possible commencement dates are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(B)-(D). None of these later dates apply in this case.

[3] The Rule 3.850 motion was docketed on May 23, 2004, and also challenged convictions in case number 2001-CF-3159, not at issue here. Ex. D; doc. 11-2, p. 30.

Case No. 4:07cv398-MP/WCS

doc. 11-2, pp. 30-37 on ECF. By then, Petitioner's one year AEDPA period for filing a § 2254 petition in this court had expired.

> Under § 2244(d)(2), even "properly filed" state-court petitions must be "pending" in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.

Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991 (2000). The § 2254 petition filed in this court on September 4, 2007,[4] challenging the convictions in state case number 2002-CF-2238 is untimely. Respondent's motion to dismiss should be granted as to all claims challenging the convictions arising from case number 2002-CF-2238.

**Section 2254 Standard of Review as to state case number 2003-CF-2820**

Habeas corpus relief may be denied on the merits notwithstanding the failure of the petitioner to exhaust state remedies. § 2254(b)(2).[5] But habeas corpus relief may be granted only if Petitioner has properly exhausted his federal claims in state court. § 2254(b)(1) and (c). To do so the federal claim be fairly presented to the state court, to give the State the opportunity to pass upon and correct alleged violations of federal rights. See Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (citations omitted); Duncan v. Henry, 513 U.S. 364, 365-366, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995). While it is not necessary that the petitioner cite "book and

---

[4] This is the date of Petitioner's signature and certificate of service by mail on the petition, which is assumed to be the date he submitted it to prison officials for mailing. Doc. 1, p. 8.

[5] If no constitutional claims are raised, then §2254 is inapplicable and the exhaustion inquiry is irrelevant. Engle v. Isaac, 456 U.S. 107, 120, n. 19, 102 S.Ct. 1558, 1567, n. 19, 71 L.Ed.2d 783 (1982).

verse" of the Constitution, the state court must be alerted to the fact that a federal constitutional claim is raised. Duncan, 513 U.S. at 365-366, 115 S.Ct. at 888 (citations omitted); see also McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005) (holding that a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record") (citations omitted).

The petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (applying this one complete round requirement to state collateral review process as well as direct appeal). If a claim is not fairly presented through one complete round of state court review and review is no longer available in state court, it is procedurally defaulted and the petitioner must demonstrate cause and prejudice for the default *or* a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).[6]

For a claim fairly presented and adjudicated on the merits in state court, and pursued through one complete round of the review process, this court may reach the merits if Petitioner shows that the state court's adjudication "was contrary to, or involved

---

[6] The miscarriage of justice exception applies only to extraordinary cases, where a constitutional violation has probably resulted in conviction of an innocent person. McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991). *See also* House v. Bell, 547 U.S. 518, 536-537, 126 S.Ct. 2064, 2076-2077, 165 L.Ed.2d 1 (2006) (explaining what must be shown to demonstrate actual innocence as a "gateway" to review of a defaulted claim).

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) and (2); Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Upon such a showing, this court reviews the federal claim on the merits without the deference otherwise afforded to the state court's determination. Panetti v. Quarterman, __ U.S. __, 127 S.Ct. 2842, 2858-59, 168 L.Ed.2d 662 (2007); Jones v. Walker, 496 F.3d 1216, 1228 (11th Cir. 2007) (citing Panetti).

**Ground One**

Petitioner alleges that he was denied due process and effective assistance of counsel "for lack of jurisdiction on speedy trial." Doc. 5, p. 4. He alleges that he was denied a speedy trial in case number 03-CF-2820. Petitioner, however, presents two claims under ground one.

**Procedural allegations**

Petitioner alleges that he was arrested on June 19, 2002, in case number 02-CF-2238. Doc. 5, p. 4; p. 4 on ECF. Petitioner entered a no contest plea in case number 02-CF-2238 on February 25, 2003,[7] and alleges that he was sent to prison to serve a 36 months sentence. *Id.*, p. 4a; p. 5 on ECF.

Petitioner also alleges that a warrant for his arrest on the charges that eventually became case number 03-CF-2820 had been issued on June 14, 2002, but he was not

---

[7] The date was actually February 24, 2003, but the difference is immaterial.

arrested on that warrant at the time. Petitioner cites the attached Appendix A in support, but Appendix A does not support the allegation. That document is a "criminal record" for Petitioner, showing his rather lengthy criminal history. It simply shows that he was charged with three offenses in case number 03-CF-2820, that a warrant was issued, and that the offenses were committed on June 14, 2002. Doc. 5, Appendix A; doc. 5-2, p. 2. It does not show when the warrants were issued. Indeed, the warrants were not issued until August 12, 2003. Doc. 5, Appendix B; doc. 5-2, pp. 4-7. Had the warrants been *issued* on June 14, 2002, the case would have had a 2002 case number.[8]

Petitioner alleges that the second set of warrants resulted in formal charges that became case number 03-CF-2820 and became pending as a detainer while Petitioner served the 36 month sentence. *Id*. This obviously occurred on or after August 12, 2003, when those warrants were issued. Petitioner alleges that he demanded a speedy trial on the charges underlying those warrants, but was not charged and brought to trial. *Id*. Petitioner alleges that on January 25, 2005, after he was released from the 36 month sentence, the State commenced the prosecution of the charges as case number 03-CF-2820. *Id*. That case ended on December 20, 2005, with a no contest plea and a sentence of seven years in prison to be followed by three years probation. *Id*.

---

[8] An initial entry in case number 03-CF-2820 on August 18, 2003, states "case created by warrant Larc Theft is $300 or more but less than $5000." Doc. 11, Ex. O; doc. 11-4, p. 3. This indicates that the warrant is the event creating the state criminal case.

Case No. 4:07cv398-MP/WCS

**Subsidiary ground one**

Petitioner claims that his attorney in case number 02-CF-2238 was ineffective at the plea colloquy because when asked if there were any other charges pending, his attorney said no.  Doc. 5, p. 4d; p. 8 on ECF.  He asserts that, had the court been advised that there was a warrant for charges that became case number 03-CF-2820, the court would have disposed of all charges at one proceeding.

It is difficult to see how Petitioner's lawyer could have been ineffective at the plea colloquy in case number 02-CF-2238, on February 25, 2003, when the warrants for case number 03-CF-2820 did not issue until August 12, 2003.  That Petitioner *committed* the offenses in the later case on June 14, 2002, is hardly relevant to his lawyer's performance.  Petitioner, of course, knew when he committed the offenses and *he* could have mentioned those new offenses at the plea colloquy on February 25, 2003, but it is doubtful that he was then so motivated.  But in any event, the merits of this claim cannot be reached because any challenge to the conviction in case number 02-CF-2238 is untimely.

**Subsidiary ground two**

Petitioner asserts that he was denied a speedy trial in violation of due process with respect to the prosecution of case number 03-CF-2820.  Doc. 5, p. 4e; p. 9 on ECF.  He asserts that he was in state custody for three years, and the state should have commenced the prosecution during that period.  *Id.*  He asserts that the state court lacked jurisdiction due to this unreasonable delay.  *Id.*

A claim of violation of a federal constitutional right to a speedy criminal trial should be determined by weighing four factors:  "Length of delay, the reason for the

delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 9192, 33 L.Ed.2d 101 (1972) (footnote omitted).

> "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay . . . ." *Doggett v. United States*, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 2690-91, 120 L.Ed.2d 520 (1992) (citing *Barker*, 407 U.S. at 530-31, 92 S.Ct. at 2192). "Only if this threshold point is satisfied may the court proceed with the final three factors in the Barker analysis." *Clark*,[9] 83 F.3d at 1352. Delays exceeding one year are generally found to be 'presumptively prejudicial.' *Doggett*, 505 U.S. at 652 n. 1, 112 S.Ct. at 2691 n. 1; see also *Clark*, 83 F.3d at 1352. If, after the threshold inquiry is satisfied and the second and third factor are considered, all three of these factors weigh heavily against the Government, the defendant need not show actual prejudice (the fourth factor) to succeed in showing a violation of his right to a speedy trial. *Doggett*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520.

United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006). However, "a defendant generally cannot establish a Sixth Amendment speedy trial claim, however long the delay, [and even if presumptively unreasonable,] if the government pursued the prosecution with 'reasonable diligence,' and the defendant fails to show that the delay resulted in 'specific prejudice to his defense.' " United States v. Harris, 376 F.3d 1282, 1290 (11th Cir. 2004), *quoting*, Doggett, 505 U.S. at 656, 112 S.Ct. at 2693.

On August 14, 2003, while Petitioner was in state prison serving the sentence in case number 02-CF-2238, arrest warrants were issued for three charges in case number 03-CF-2820. Doc. 11, Ex. F; pp. 44-47. On January 25, 2005, an information

---

[9] United States v. Clark, 83 F.3d 1350, 1352 (11th Cir. 1996).

was filed bringing four charges[10] in case number 03-CF-2820.  Doc. 11, Ex. M; doc. 11-3, p. 22.  On May 4, 2005, Petitioner entered an "open plea" to the four charges, pleading no contest.  Doc. 11, Ex. N; doc. 11-3, pp. 32-33 on ECF; doc. 11, Ex. O; doc. 11-4, p. 5 on ECF.  Petitioner was sentenced to seven years in prison followed by three years of probation on December 20, 2005.  *Id.*; pp. 24-31 on ECF.  Petitioner did not file a direct appeal.  Doc. 11, Ex. O; doc. 11-4, pp. 7-8 on ECF.

On March 30, 2006, applying the mailbox rule, Petitioner filed his first Rule 3.850 motion in case number 03-CF-2820.  In ground two, Petitioner alleged:

> The Defendant was held for over 8 1/2 months without being give the opportunity to confront charges filed on 6/14/2002.  Defendant was sentenced on Feb. 16, 2003; arrested on 6/19/2002 and never brought before a Magistrate for cases 2003-CF-2820A1-A2-A3.  Only sentence on cases 2002-CF-2238A1, A2, A3, as proper [sic].

Doc. 11, Ex. T; doc. 11-4, p. 55 on ECF.  The trial court construed this claim as challenging the conviction in case number 02-CF-2238.  Doc. 11, Ex. U; doc. 11-5, pp. 3-4 on ECF.  Since there is a two year limitations period for filing a Rule 3.850 motion, and the judgment in case number 02-CF-2238 was final well over two years before March 30, 2006, the court found that this claim was procedurally barred.

This interpretation seems to me to be error as Petitioner said in his claim that the sentence in case number 02-CF-2238, at least as to three of the charges, was "proper," plainly indicating that he did not challenge convictions in that case.  But it is difficult to fault the state court for misunderstanding the claim as there were no charges "filed on 6/14/2002" as explained above.  That is when Petitioner *committed* those offenses.

---

[10] A new charge of criminal use of personal identification information was added.

Still, this tersely worded claim did not present a federal claim. It did not discuss any of the Barker v. Wingo factors, and it did not mention any federal law.

On October 11, 2006, by the mailbox rule, Petitioner filed a second Rule 3.850 motion, this time limiting his claims to case number 03-CF-2820. Doc. 11, Ex. W; doc. 11-5, pp. 13-21 on ECF. In this motion, Petitioner asserted that the trial court lacked jurisdiction to enter a judgment or impose sentence. *Id.*; doc. 11-5, p. 17 on ECF. He contended that a warrant for his arrest issued on June 14, 2002, for the charges in case number 03-CF-2820. *Id.* He contended that he should have been arrested on this warrant when sentenced in case number 02-CF-2238, on February 25, 2003. *Id.*, doc. 11-5, pp. 17-18. He concluded that the court lacked jurisdiction due to the "State's failure to timely prosecute this case." *Id.*; doc. 11-5, p. 18. Again, Petitioner cited no federal law in making this claim, and his arguments about "jurisdiction" seem to invoke only the state law speedy trial rule.

In any event, in denying this claim, the state court reasoned:

> . . . Defendant entered his appearance and made an open plea to the court on 5/6/05. He was sentenced on 12/20/05. The Court exercised its legal jurisdiction based on the Information filed. Ground One is denied as frivolous.

Doc. 11, Ex. X; doc. 11-5, p. 23.

This ruling was based upon an application of an adequate and independent state law ground.

> By virtue of the entry and acceptance of appellant's nolo contendere plea, appellant waived his right to a speedy trial. *See Scott v. State*, 866 So.2d 213 (Fla. 3d DCA 2004); *Cambrick v. State*, 593 So.2d 613 (Fla. 2d DCA 1992).

Sydoriak v. State, 947 So.2d 1287, 1290 (Fla. 5th DCA 2007.)  Had he wished to preserve this claim, he should have entered his nolo contendere plea with that reservation and taken a direct appeal.  Since Petitioner did not reserve this claim and present it on direct appeal, he has procedurally defaulted the claim.  Petitioner has not shown cause or prejudice for his default.  Therefore, even if Petitioner had presented a federal claim in either of his Rule 3.850 motions, this court cannot reach the merits of the claim.

**Conclusion**

Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Alvin Linton challenging his convictions for sale of cocaine and possession of cocaine with intent to sell in case number 2002-CF-2238, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, be **DENIED AS UNTIMELY FILED**, and challenging his convictions for criminal use of personal identification information, forgery, uttering, and grand theft in case number 2003-CF-2820, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on November 18, 2008.


        s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.